# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jamel Floyd, <br><br>        Plaintiff, <br>  v. <br><br>L.C. Knight, *in his capacity as Sheriff of the Dorchester County Sheriff's Department*; Brandon Smith, *in his individual capacity*, <br><br>        Defendants. | Case No. 2:21-cv-03288-RMG <br><br> **ORDER** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 26). The Magistrate Judge recommends that the Court grant in part and deny in part Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. No. 23). Defendants objected to the R & R (Dkt. No. 28), and Plaintiff responded. (Dkt. No. 29). For the reasons set forth below, the Court adopts the R & R as the order of the Court.

## I. Legal Standard

### A. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). The Court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### B. Recommendation and Report

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. *Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II.    Background

On April 16, 2021, Defendant Deputy Brandon Smith responded to a report of trespass and disorderly conduct. When Smith arrived at the scene, the complainant identified Plaintiff as the culprit. Smith conducted an investigation and questioned both the complainant and Plaintiff but ultimately decided not to arrest Plaintiff. Smith did, however, instruct Plaintiff to get in the rear of his patrol vehicle so that he could give Plaintiff a ride home. Plaintiff declined this invitation, explaining that it would upset his mother to see him arrive home in a police car. Smith then instructed Plaintiff to go home. Nonetheless, Smith continued to talk to Plaintiff, and the conversation gradually became acrimonious. After Plaintiff and Smith began to argue, Smith warned, "You got three seconds to start walking toward that sidewalk or I am going to arrest you." Plaintiff ignored Smith's instruction, and Smith forcefully effected an arrest, lifting Plaintiff off of his feet and dropping him to the ground. While Smith had Plaintiff on the ground, Smith began to

yell at Plaintiff and kept a firm grip on the back of Plaintiff's neck. Smith ultimately decided not to arrest Plaintiff. Smith allowed Plaintiff to get up and instructed him to go home. This time, Plaintiff complied and left the scene.

Plaintiff brought this action alleging 28 U.S.C. § 1983 claims against Smith for unlawful seizure and excessive force. Plaintiff also brought state law claims against Smith for gross negligence and recklessness; false imprisonment, intentional infliction of emotional distress; and defamation. (Dkt. No. 1-1 at 5-8).

The Magistrate Judge recommends granting summary judgment in favor of Smith as to Plaintiff's § 1983 unlawful seizure claim and state law claims for false imprisonment, intentional infliction of emotional distress, and defamation. (Dkt. No. 26 at 26). The Magistrate Judge recommends denying Smith's motion for summary judgment as to Plaintiff's § 1983 excessive force claim and state law claim for gross negligence and recklessness. Defendants filed timely objections to the R & R (Dkt. No. 28), and Plaintiff responded (Dkt. No. 29). This matter is ripe for the Court's review.

### III.  Discussion

#### A.  Plaintiff's Federal Claim

A "claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure'. . . [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 388 (1989). In applying the objective reasonableness standard, the question is "whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force." *Elliott v. Leavitt*, 99 F.3d 640, 642 (4th Cir. 1996) (*citing Graham*, 490 U.S. at 396-97). When applying the objective reasonableness standard, the court should pay

"careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," and "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Ultimately, the question to be decided is "whether the totality of the circumstances justifie[s] a particular sort of ... seizure." *Id.*

The Magistrate Judge analyzed Plaintiff's excessive force claim pursuant to the *Graham* factors and found that, when viewing the facts in the light most favorable to Plaintiff, the factors weighed in Plaintiff's favor. (Dkt. No. 26 at 21). Smith primarily objects that the R & R "improperly assesses Defendant Smith's subjective motivations throughout its *Graham* analysis." (Dkt. No. 28 at 3). Smith also argues that the Magistrate Judge improperly weighed the evidence and considered facts that are irrelevant. (*Id.* at 3-4).

It is well-established that "[s]ubjective factors involving the officer's motives, intent, or propensities are not relevant [to the excessive force analysis]. The objective nature of the inquiry is specifically intended to limit examination into an officer's subjective state of mind, and thereby enhance the chances of a speedy disposition of the case." *Rowland v. Perry*, 41 F.3d 167, 172–73 (4th Cir. 1994). *See Est. of Smith v. Marasco*, 318 F.3d 497, 517 (3d Cir. 2003) ("Thus, if a use of force is objectively unreasonable, an officer's good faith is irrelevant; likewise, if a use of force is objectively reasonable, any bad faith motivation on the officer's part is immaterial.").

In considering the third *Graham* factor, whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight, the Magistrate Judge considered (1) Plaintiff's conduct; (2) Plaintiff's behavior and body language once he was taken to the ground; (3) Smith's application

4

of force; (4) Smith's continued application of force once Plaintiff was taken to the ground; (5) what Smith was yelling while Plaintiff was on the ground; and (6) the events leading up to and following the application of force.  (Dkt. No. 28 at 18-20).  It is clear to the Court that the Magistrate Judge did not search Smith's motives, intents, or propensities; instead, the Magistrate Judge examined the facts from the perspective of a reasonable officer on the scene.

The Court finds that the Magistrate Judge applied the correct standard and correctly determined that there is a genuine dispute as to whether Plaintiff was actively resisting arrest or attempting to evade arrest by flight.  As the movant, Smith must demonstrate that there is no genuine issue of any material fact.  After analyzing the evidence, the Magistrate Judge concluded that "Defendants' assertion that Plaintiff was threatening individuals with violence immediately prior to the use of force and actively resisting arrest throughout the incident are facts subject to dispute." (*Id*. at 20).  For example, based on an objective observation, the Magistrate Judge stated that "a reasonable jury could find that Smith used force out of anger and frustration."  (Dkt. No. 28 at 20).

After applying the objective reasonableness standard and examining the facts in the light most favorable to Plaintiff, the Court finds that there is a genuine dispute as to whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force.  Accordingly, Defendants' remaining objections are overruled.  *See Graham,* 490 U.S. at 396 (Ultimately, the question to be decided is "whether the totality of the circumstances justifie[s] a particular sort of ... seizure.").

B. Plaintiff's State Law Claims

Smith also objects to the R & R on the ground that he is immune from liability on Plaintiff's state law claims under the South Carolina Tort Claims Act (SCTCA).  Smith argues that the

5

SCTCA is "unequivocal" in barring liability for a loss resulting from "the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee." SC CODE ANN. § 15-78-60(5). The Court finds that the SCTCA is, in fact, equivocal. The SCTCA equivocates that "[n]othing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." SC CODE ANN. § 15-78-70(b).

Finally, Smith objects that the R & R does not "provide reasoning or analysis regarding how Defendant Smith's actions create liability under the South Carolina Tort Claims Act." (Dkt. No. 28 at 6). The Magistrate Judge stated, and the Court agrees, that "for the reasons discussed [when denying summary judgment on Plaintiff's excessive force claim], a jury could find that Smith acted with malice and intent to harm in his conduct and therefore, he is not immune from liability under § 15-78-70." (Dkt. No. 26 at 23). In other words, when viewing the facts in a light most favorable to Plaintiff and construing all inferences and ambiguities against Smith and in favor of Plaintiff, there is a genuine dispute as to whether Smith acted with the mens rea necessary to defeat immunity under the SCTCA.

### IV.  Conclusion

Having thoroughly reviewed the R & R in this matter and Defendants' objections, the Court overrules all objections and adopts the R & R (Dkt. No. 26) as the order of the Court. Accordingly, Defendant Knight is entitled to summary judgment on all claims asserted against him. Defendant Smith is entitled to summary judgment on Plaintiff's § 1983 unlawful seizure claim and state law claims for false imprisonment, intentional infliction of emotional distress, and defamation.

Defendant Smith's motion for summary judgment is denied as to Plaintiff's § 1983 excessive force claim and state law claim for gross negligence and recklessness.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 15, 2023
Charleston, South Carolina